Filed 9/2/22  P. v. Platner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>   v.<br><br>DONALD LEE PLATNER,<br><br>        Defendant and Appellant. | C095997<br><br>(Super. Ct. No. 21F5818) |

Appointed counsel for defendant Donald Lee Platner asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In August 2021, defendant was driving and yelled at a young girl to get into his car.  She refused and fled on her scooter, but defendant chased her in his car.  He eventually caught up with the girl, her brother, and a friend.  The brother and friend yelled at defendant to leave, but defendant got out of his car and challenged the two to a

1

fight. Several bystanders also yelled at defendant to leave. The girl, her brother, and her friend went to a local business and called 911. Police arrived and arrested defendant.

Defendant pleaded no contest to attempted kidnapping (Pen. Code, §§ 207, subd. (a), 664 -- count one),[1] child abuse (§ 273a, subd. (a) -- count six), attempted kidnapping (§§ 207, subd. (a), 664 -- count seven), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4) -- count eight), and failure to appear for a court hearing (§ 1320 -- count nine). He also admitted a prior strike conviction and a prior serious felony conviction. (§§ 1170.12, 667, subd. (a).) The factual basis for the plea was the police report and preliminary hearing transcript. The parties stipulated to an aggregate state prison term of 23 years, including the upper term of six years for count six (doubled to 12 years due to the prior strike).

In March 2022, the trial court held a *Marsden*[2] hearing and denied defendant's request for new counsel. That same day, consistent with the stipulated term, the trial court sentenced defendant to 23 years in state prison, consisting of the following: six years on count six doubled to 12 years for the prior strike conviction; one year eight months consecutive on each of counts one and seven (three years four months total); two years consecutive on count eight; eight months consecutive on count nine; and five years for the serious felony conviction. The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation fine (§ 1202.45).

Defendant obtained a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, Acting P. J.

We concur:

\_\_\_\_\_/S/_____
DUARTE, J.

_____/S/_____
HOCH, J.